In re Petition for Reinstatement to
the Practice of Law of Joseph
A. FIELD, Petitioner.

No. C5–93–981.

Supreme Court of Minnesota.

Dec. 18, 1997.

### ORDER

WHEREAS, this court suspended petitioner Joseph A. Field from the practice of law on October 25, 1993, for a minimum period of 1 year, *In Re Disciplinary Action Against Field,* 506 N.W.2d 631 (Minn.1993); and

WHEREAS, more than 1 year after his suspension petitioner filed a petition for reinstatement; and

WHEREAS, a panel of the Lawyers Professional Responsibility Board held a hearing on the petition and, following the hearing, issued findings of fact, conclusions and a recommendation, in which the panel concluded that petitioner has established by clear and convincing evidence that he has undergone such a moral change as to now render him fit for reinstatement to the practice of law and that he has provided clear and convincing evidence of his legal skills and competence to resume practice under the 2 years' supervised probation as required in this court's suspension order and recommended the following conditions:

a. Petitioner's probation shall commence when his supervisor signs a consent to supervise.

b. Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

c. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

d. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as ·his supervisor within 2 weeks from the court's order reinstating him. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Petitioner shall not begin representing clients until a supervisor has signed a consent to supervise.

e. Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per week for the first 6 months of petitioner's practice; one meeting per month for the next 12 months of practice, and one meet-

ing per quarter thereafter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

f. Petitioner shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

g. Within 30 days from the court's order reinstating him, petitioner shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested.

h. Petitioner shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: cash receipts journal, cash disbursements journal, client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the court's reinstatement order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance; and

WHEREAS, the Director and petitioner agree with the panel's recommendation,

IT IS HEREBY ORDERED that petitioner Joseph A. Field be, and the same is, reinstated to the practice of law and is placed on supervised probation for 2 years on the recommended conditions set out above.

BY THE COURT:

/s/ Alan C. Page
Alan C. Page
Associate Justice